BENJAMIN B. WAGNER
United States Attorney
BRIAN K. DELANEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ADOLFO CUEVAS, JR., AKA "ADOLFO CUEVAS," AKA "JUNIOR," AKA "BOSSMAN;" <br> ANDREW RODRIGUEZ; <br> JESSE MERAZ, AKA "JESSIE MERAZ, AKA "CHEEKS;" AND <br> MARTIN PATINO, JR., AKA "MARTIN PATINO," AKA "TITO". <br><br> Defendants. | CASE NO. 1:16 CR 00026 LJO-SKO <br><br> STIPULATION REGARDING PROTECTIVE ORDER AND ORDER |

The parties to this action, by and through their respective counsel, stipulate and agree as follows:

1. Electronic surveillance was conducted in connection with the investigation in this case No. 1:16-CR-00026-LJO-SKO. Accordingly, numerous documents were filed with the Court, under seal, relating to the electronic surveillance.

2. Persons who have not been charged in any criminal conduct, but who were identified in the documents filed with the court regarding the electronic surveillance and/or whose communications were intercepted have privacy interests.

3. The government possesses, or may come to possess, recordings, documents, reports, or other materials the disclosure of which may ordinarily be required by the government's Rule 16, Jencks Act,

1

or Brady obligations, but the dissemination of which could pose a serious risk to certain defendants, witnesses, or the confidentiality of an ongoing investigation.

4.  The evidence in this matter also includes personal identification information for others, including but not limited to names, addresses, dates of birth, social security numbers and bank account numbers.

4. The government has discovery obligations to the defendants with regard to documents filed with the Court and the intercepted communications.

5. Disclosure by the government will implicate the privacy interest of the persons mentioned in paragraphs 2, 3 and 4above.

5. Therefore, the parties and defense counsel, including but not limited to defense counsels staff, investigators, and outside assistants, shall not disclose the contents of the documents released by the government through discovery except as necessary for investigative work for the prosecution or for the presentation of defenses in this case.

6. The documents filed with the Court in connection with the electronic surveillance in this case shall also remain sealed form the general public.

Dated: March 3, 2016 　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　　　Benjamin Wagner
　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　By:　/s/ Brian K. Delaney__
　　　　　　　　　　　　　　　　　　　　　　BRIAN K. DELANEY
　　　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney

Dated: March 9, 2016　　　　　　　　　　　/s/ Adam Matthew Koppekin
　　　　　　　　　　　　　　　　　　　　　　ADAM MATTHEW KOPPEKIN
　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　　　ADOLFO CUEVAS, JR.

ORDER

Pursuant to the stipulation of the parties set forth above, IT IS HEREBY ORDERED:

    1. The United States Attorney may provide as discovery in this case all court documents filed in connection with the electronic surveillance the intercepted communications themselves as well as recordings, documents, reports, or other materials the disclosure of which may ordinarily be required by the government's Rule 16, Jencks Act, or Brady obligations, but the dissemination of which could pose a serious risk to certain defendants, witnesses, or the confidentiality of an ongoing investigation and which includes personal identification information for others, including but not limited to names, addresses, dates of birth, social security numbers and bank account numbers..

    2. The parties and defense counsel, including but not limited to defense counsel's staff, investigators, and outside assistants, shall not disclose the contents of the documents released by the government through discovery except as necessary for investigative work for the prosecution or presentation of defenses in this case.

    3. The documents filed with the Court in connection with the electronic surveillance in this case shall remain sealed from the general public.

IT IS SO ORDERED.

    Dated: __**March 25, 2016**__            ___**/s/ Lawrence J. O'Neill**___
                                                                        UNITED STATES DISTRICT JUDGE